UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOUIS BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-1705 (UNA) |
| | ) | |
| PRESIDENT DONALD TRUMP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* Complaint and Request for Injunction (ECF No. 1, "Compl."). The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint.

This civil action pertains to an executive Order issued by the President of the United States "purportedly aimed at addressing public safety concerns in the District of Columbia and the United States of American [sic]." Compl. at 8 (page numbers designated by CM/ECF); *see id.* at 17-19. According to plaintiff, the order violates rights protected under the Fourth and Fourteenth Amendments to the United States Constitution. *See id.* For example, the orders allegedly permit the forcible removal of individuals from public spaces and confiscation of individuals' property, *see id.* at 8-9, and "disproportionately impact[] racial minorities . . . through discriminatory enforcement practices," *id.* at 8. Plaintiff demands an order declaring the

1

Executive Order unconstitutional, an injunction barring its enforcement, and an award of

$76,000.  *See id*. at 5, 9.[1]

"Article III of the United States Constitution limits the judicial power to deciding 'Cases

and Controversies.'"  *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S.

Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009).  "One element of the case-or-controversy

requirement is that plaintiffs must establish that they have standing to sue."  *Comm. on Judiciary*

*of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and

internal quotation marks omitted).  A party has standing for purposes of Article III if he has "(1)

suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

and (3) that is likely to be redressed by a favorable judicial decision."  *Id.* at 763 (quoting *Lujan*

*v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Nowhere does plaintiff state whether and how implementation of the Executive Order

affects him personally, and thus fails to demonstrate standing to sue.   Rather, because plaintiff

appears to raise "only a generally available grievance about government—claiming only harm to

his and every citizen's interest in proper application of the Constitution and laws, and seeking

relief that no more directly and tangibly benefits him than it does the public at large—does not

state an Article III case or controversy."  *Lujan*, 504 U.S. at 573-74, thereby failing to "state an

Article III case or controversy," *id*.

---

[1] The complaint also mentions the Secure D.C. Omnibus Amendment Act of 2024, signed into law by the Mayor of the District of Columbia, which, too, allegedly violates the Fourth Amendment. *See* Compl. at 4, 5.   Because plaintiff appears to demand relief only with respect to the Executive Order, *see id*. at 5, 9, the Court presumes that plaintiff does not challenge the District of Columbia law.

The Court concludes that it lacks subject matter jurisdiction and, therefore, the complaint and this civil action will be dismissed without prejudice.  *See* Fed. R. Civ. P. 12(h).   An Order is issued separately.


/s/
AMIT P. MEHTA
United States District Judge

DATE: June 18, 2025